THOMPSON (SHAW v.). See Case No. 12,726.

THOMPSON (SHIPLEY v.). See Case No. 12,790.

---

## Case No. 13,976.

### THOMPSON et al. v. SMITH.

[2 Bond, 320.] 1

Circuit Court. S. D. Ohio. Oct. Term, 1869.

PRACTICE IN EQUITY—MASTER'S REPORT—OATH—REFERENCE—ACCOUNTS—COPIES.

1. It is no ground for setting aside a master's report, in a suit in chancery, that he was not sworn; there being no statute of the United States, or any rule of court, requiring a master's report to be under oath.

2. It is competent for the court, in the order of reference, to require the master to be sworn, but if not specially so ordered, it is no objection to the report that he was not sworn.

---

1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

3. The authority to refer to a master is inherent in a court of the United States, in the exercise of its chancery jurisdiction.

4. There is no reason for requiring an oath, where the judge or court ordering the reference has personal knowledge of the integrity and intelligence of the person appointed.

5. The master did not err in admitting copies of accounts and papers from the office of the quartermaster-general of the United States, properly authenticated as true copies by the third auditor of the treasury, whose official character was certified to, in proper form, by the secretary of the treasury, as the act of congress expressly provides that copies so verified shall be admissible as evidence in the courts.

[This was a bill by Thompson and Groom against E. A. Smith.]

A. F. Perry, for complainants.
Woodruff & Tilden, for defendant.

OPINION OF THE COURT. This is a bill in equity, in which the complainants allege that, in 1861, there existed a partnership between them and the defendants in the purchase and sale of horses and mules, and that there has been no settlement of the business of the firm. They also allege that there is a large sum due them from the said Smith, accruing from the transactions of the firm; and they pray for an account and other relief. The hearing, on a motion for a reference to a master to inquire into and report as to the transactions of the firm, took place before Justice Swayne, at April term, 1868. The learned judge, at that term, directed an interlocutory decree to be entered, finding the existence of a partnership between these parties, and that the complainants were entitled to an account as prayed for. And an order was entered referring the inquiry to J. D. Cox, as master, to report, as to the state of the accounts between the parties, with the limitation, in effect, that he was not to decide or report, as to the time of the expiration of the partnership, but merely to state the facts proved as to that matter. It appearing that the date of the expiration of the partnership was the material question in controversy, on the decision of which the claim of the complainants essentially depended, Justice Swayne properly reserved that inquiry for the final hearing. In pursuance of the order of reference, the master proceeded to investigate the accounts of the parties, calling before him all the witnesses named by either party, who were examined with great minuteness, and at great length, in the presence of the counsel on both sides. The master, in a full and elaborate report, has stated his conclusion as to accounts between the parties, upon the different theories and claims of the parties as to the duration of the partnership, avoiding any opinion as to the date of its expiration. A motion is now made by the defendant's counsel to accept and affirm the report of the master; and by the complainants that the report be set aside, and a new order of refer-

ence be made. The only question now before the court is, whether the exceptions filed by the complainants are sufficient to set aside the report. These exceptions are numerous, no less than twenty-five, many of them exceedingly technical in their character. It will be unnecessary to notice them in detail. A large proportion of them involve the correctness of the master's conclusion as to the allowance of credits to the complainants. It is clear that these afford no sufficient ground for ordering a reference to another master.

The exceptions which it seems material to notice, are: 1. That the master was not sworn, and his report is not under oath. 2. That he admitted incompetent testimony. As to the first point, the authorities on the subject do not require the master to be sworn, unless made necessary by an express statutory provision, or a rule of court, or by the court in the order of reference. As there is no statute of the United States, or any rule making the oath necessary, this exception can not be sustained. The learned judge, who made the order of reference, knowing well the high character of the distinguished gentleman appointed master, did not think it necessary to require that the report should be under oath. He doubtless acted under the authority of a well-established principle, that the courts of the United States, in the exercise of their chancery powers, possess an inherent authority, in proper cases, to order a reference to a master. They may unquestionably order the master to be sworn; but if the judge, knowing the trustworthiness and intelligence of the person appointed, does not require an oath, the want of it does not invalidate the report. This exception must therefore be overruled. As to the second ground of exception, namely, that the master admitted incompetent testimony, the court is not aware of any reason for sustaining it. The objection is, that the master admitted copies of accounts and papers on file or of record in the office of the quartermaster-general. These accounts and papers related to the sale and delivery of horses and mules for the use of the government by these parties. The proper place for the deposit of the papers was in the quartermaster's department. They are properly authenticated by the certificate of the third auditor of the treasury as true copies; and the secretary of the treasury has given his certificate of the official character of the third auditor. Under the act of congress, providing that copies of papers and records in the executive departments of the general government should be admissible as evidence in the courts, the master did not err in admitting them in the investigation committed to him. They are properly verified and authenticated as true copies, and were correctly allowed as legal testimony by the master. This exception must therefore be overruled.

THE COURT has now only to remark, that after a careful examination of the master's report, no sufficient reason appears for again referring this case to a master. It bears intrinsic evidence of laborious and critical examination of the facts; and there is no reason to doubt the accuracy of his conclusion in regard to the complicated transactions of these parties. As to the purity of his motives, there can be no possible doubt. I am persuaded he has discharged his onerous duties, not only with great fairness, but with great ability.

The motion for setting aside the report and for a reference is overruled, and the case continued for final hearing.